UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------
KEVIN ANDERSON,

                       Plaintiff,                    **MEMORANDUM &ORDER**
                                                                   14-CV-6797 (MKB)
            v.

ROYAL REALTY CORP., d/b/a
ONE BRYANT PARK,

                       Defendant.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Kevin Anderson, proceeding *pro se*, commenced the above-captioned action on November 18, 2014, against Defendant Royal Realty Corporation, doing business as One Bryant Park. Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 ("ADEA") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 *et seq.* ("ADA"). The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. For the reasons stated below, Plaintiff is ordered to show cause by written affidavit within 30 days from the date of filing of this Order why the Court should not dismiss his ADA and ADEA claims and his Title VII claim alleging discrimination on the basis of his gender. Plaintiff's Title VII claim alleging discrimination on the basis of race may proceed.

    **I. Background**

      The following facts are taken from the Complaint and the attached Equal Employment Opportunity Commission ("EEOC") Notice of Right to Sue ("Right-to-Sue letter") and Intake

Questionnaire ("EEOC Charge"). Plaintiff was employed as a porter by Defendant, a cleaning company, from July 2000 until December 27, 2012. (Docket Entry No. 1 at 8.) Plaintiff claims that he was subject to discriminatory treatment, including failure to promote, retaliation, and termination, beginning in 2010. (*Id.* at 3.) Plaintiff was terminated on December 27, 2012. (*Id.* at 9.)

On March 12, 2013, Plaintiff filed an EEOC Charge against Defendant alleging race discrimination and retaliation. (*Id.* at 9.) Plaintiff alleged that he was the "only African-American on this job that such extreme action was take[n] that lead to my termination." (*Id.*) While the EEOC Charge is not clear as to why Plaintiff was terminated, Plaintiff alleges that other employees of other races were not terminated for "numerous incidents," including one "incident that was caught on tape." (*Id.*) On October 31, 2014, the EEOC issued Plaintiff a Right-to-Sue letter upon his request because more than 180 days had passed since the filing of the charge and no action had been taken by the EEOC. (*Id.* at 6.)

On November 18, 2014, Plaintiff initiated this action. The precise nature of Plaintiff's discrimination claims is unclear. Plaintiff filed his Complaint using a complaint form, and inconsistently refers to the basis for this action.[1] For the purposes of this Order, the Court presumes that Plaintiff brings this action pursuant to Title VII, the ADA and the ADEA, because Plaintiff refers to each of the three statutes in the narrative portion of his Complaint. (*Id.* at 4.) Plaintiff complains that Defendant terminated him, failed to promote him and retaliated against

---

[1] On the first page, the form prompts Plaintiff with "[t]his action is brought for discrimination in employment pursuant to (check only those that apply)[.]" (Docket Entry No. 1, at 1.) Plaintiff checked Title VII and the ADA. (*Id.*) On the third page, when prompted to list that "Defendant(s) discriminated against me based on my:" Plaintiff included his demographic information including his race, color, gender, national origin, and age. (*Id.* at 3.) In the narrative section on the fourth page of the form, Plaintiff notes he was "discriminated against because of [his] race," under Title VII. (*Id.* at 4.) Also on page 4, Plaintiff cites the ADEA and ADA. (*Id.*)

him. (*Id.* at 3.) He alleges that he "was discriminated against because of [his] race." (*Id.* at 4.) While Plaintiff does not provide any facts in support of any other basis for discrimination, he completes portions of paragraph seven of the complaint form identifying his race ("African American"), color ("Black"), gender ("Male"), national origin ("U.S.A.") and age ("born in 1962 . . . more than 40 years old."). (*Id.* at 3.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff fails to state an ADA or ADEA claim

Plaintiff fails to state a claim for age discrimination or discrimination based upon disability for two reasons. First, Plaintiff has not administratively exhausted either claim, and second, he fails to allege sufficient facts to support these claims.

#### i. Failure to Exhaust

Under both the ADA and the ADEA, a claimant may bring suit in federal court only if he has filed a timely complaint with the EEOC and obtained a right-to-sue letter. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001) ("Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court."); *Stalter v. Board of Co-op. Educ. Servs. of Rockland Cnty.*, 235 F. Supp. 2d 323, 332 (S.D.N.Y. 2002) ("Before bringing a claim under the ADA, a plaintiff is required to file a timely EEOC charge." (citing *Harris v. City of New York*, 186 F.3d 243, 247 (2d.Cir. 1999))). However, "claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency." *Legnani*, 274 F.3d at 686 (quoting *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir. 1999)). "Reasonably related" claims are recognized in three situations: (1) the alleged discriminatory conduct "would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination;'" (2) the claim is one of "retaliation by an employer against an employee for filing an EEOC charge;" and (3) the plaintiff "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003) (quoting *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402–03 (2d Cir. 1993) (superseded on other grounds)).

The Complaint, as currently filed, and the attached EEOC Charge, demonstrate that Plaintiff has not filed a charge with the EEOC or obtained a right-to-sue letter concerning his allegations of discrimination on the basis of his age or disability. Furthermore, such claims do not appear, on their face, to fit any of the three situations in which the Court could find they are "reasonably related" to the race discrimination claim Plaintiff raised in the EEOC Charge. Plaintiff has not demonstrated that he has exhausted his administrative remedies under these statutes, and therefore fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Morales v. City of N.Y. Dep't of Juvenile Justice,* No. 10-CV-829, 2012 WL 180879, at *3 (S.D.N.Y. Jan. 23, 2012) ("Exhaustion of administrative remedies . . . is a requirement under Title VII, the ADA, and the ADEA, and claims that were not raised in the administrative proceeding . . . are barred." ); *Terry*, 336 F.3d at 151 (ADEA); *Szuszkiewicz v. JPMorgan Chase Bank*, 12 F. Supp. 3d 330, 338 (E.D.N.Y. 2014) (ADA).

### ii. Failure to State a Claim

Even if Plaintiff's claims for age and disability discrimination were not procedurally barred, they would nevertheless be dismissed because Plaintiff has not stated a claim for age or disability discrimination. To establish a *prima facie* claim of age discrimination under the ADEA, a plaintiff must demonstrate that: 1) he was within the protected age group; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action occurred under "circumstances giving rise to an inference of discrimination." *See Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001). Similarly, to establish a prima facie case of discrimination under the ADA, a plaintiff must allege that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or

5

without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Kinneary v. City of New York*, 601 F.3d 151, 155–56 (2d Cir. 2010) (citations omitted); *see also Brady v. Wal Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008) (outlining disability *prima facie* test).

Plaintiff fails to allege any facts in support of a claim of age or disability discrimination. *See Ruston v. Town Board of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions" and must "plausibly suggest an entitlement to relief"); *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010) (although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, a plaintiff must still plead enough facts to make his claim plausible). Such a failure provides a separate basis for dismissal of Plaintiff's ADA and ADEA claims.

Plaintiff's ADA and ADEA claims are dismissed without prejudice.[2] Should Plaintiff wish to pursue an ADA or ADEA claim, he should inform the Court in his affidavit and provide facts in support of age and/or disability discrimination and demonstrate that he has exhausted his administrative remedies on these claims.

---

[2] Plaintiff cannot now exhaust his administrative remedies for his ADA and ADEA claims. An employee alleging discrimination under the ADA or ADEA in New York must file his administrative claim no later than 300 days after she experienced discrimination. *See Cherry v. City of New York*, 381 F. App'x 57, 58 (2d Cir. 2010) ("A litigant must have filed a timely charge . . . with the [EEOC] and corresponding state agencies as a condition precedent to the filing of an action in federal court pursuant to the [ADEA], the [ADA] or Title VII of the Civil Rights Act. . . . In New York . . . the statute of limitations for filing a claim with the EEOC is 300 days."). It is too late for Plaintiff to pursue his unexhausted claims because he was terminated on December 27, 2012, well beyond 300 days ago. (Compl. 9.) Therefore, if Plaintiff fails to show cause why his claims should not be dismissed, any unexhausted claims against Defendant will be dismissed with prejudice.

### c. Plaintiff fails to state a Title VII gender discrimination claim

Similarly, Plaintiff fails to allege any facts in support of a gender discrimination claim under Title VII, and has not shown that he has exhausted his administrative remedies on this claim. *See Legnani*, 274 F.3d at 686 ("Exhaustion of administrative remedies through the EEOC is "an essential element" of the Title VII . . . statutory scheme[] and, as such, a precondition to bringing such claims in federal court."); *Hewitt v. N.Y.C. Dep't of Health & Mental Hygiene*, 535 F. App'x 44, 45 (2d Cir. 2013) (affirming district court finding that plaintiff "failed to administratively exhaust her Title VII retaliation claim by failing to include that claim in her administrative complaint"); *Canty v. Wackenhut Corr. Corp.*, 255 F. Supp. 2d 113, 117 (E.D.N.Y. 2003) ("[W]hile the complaint alleges that a grievance was filed with the EEOC, it does not state that Canty obtained a right-to-sue letter. Thus, she has not demonstrated that she has exhausted her administrative remedies."). Thus, Plaintiff's Title VII claim based on gender discrimination is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Should Plaintiff wish to pursue such a claim, he should inform the Court in his affidavit, provide facts in support of a gender discrimination claim, and demonstrate that he has exhausted his administrative remedies on this claim. 42 U.S.C. § 2000e-5(e)(1); *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 213–14 (2d Cir. 2006).

### III. Conclusion

Plaintiff's Title VII claim based on race discrimination may proceed. However, Plaintiff is ordered to show cause within thirty (30) days of the date of filing of this Order why his ADA claim for disability discrimination, ADEA claim for age discrimination, and Title VII claim for gender discrimination, should not be dismissed with prejudice for failure (i) to exhaust administrative remedies, and (ii) to allege facts in support of the claim. To show cause, Plaintiff

7

must file an affidavit with this docket number containing facts in support of the claim and proof that he has exhausted his administrative remedies for each claim that he wishes to allege. The Court has attached an affidavit form that Plaintiff may use in preparing his response. Plaintiff's response will be reviewed for compliance with this Order and 28 U.S.C. § 1915(e)(2)(B).

If Plaintiff fails to respond to this Order within thirty (30) days, only his race discrimination claim under Title VII will proceed under this docket number and the Court will direct service on Defendant only as to Plaintiff's Title VII race discrimination claim. In other words, if Plaintiff does nothing, the Court will direct service on Defendant as to Plaintiff's Title VII race discrimination claim when Plaintiff's time to show cause expires. Plaintiff's other claims will be dismissed with prejudice.

No summons shall issue at this time and all further proceedings shall be stayed until Plaintiff has complied with this Order. If Plaintiff fails to file an affidavit as directed within 30 days, the action shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: December 8, 2014
      Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

KEVIN ANDERSON,

                      Plaintiff,          **PLAINTIFF'S AFFIRMATION**
                                                                                    14-CV-6797 (MKB)

       v.

ROYAL REALTY CORP., DBA,
ONE BRYANT PARK,

                      Defendant.

---------------------------------------------------------------

STATE OF NEW YORK    }
                                } ss:
COUNTY OF _____    }

    I, Kevin Anderson, make the following affirmation under the penalties of perjury:

1.    I am the plaintiff in this action and I respectfully submit this affirmation in response to the Court's order dated _____, 2014 directing me to show cause why the Court should not dismiss my ADA and ADEA claims and my Title VII claim of gender discrimination. These claim(s) should not be dismissed because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ [YOU MAY ATTACH ADDITIONAL

PAGES, IF NECESSARY]

2.  In view of the foregoing, it is respectfully submitted that my claims alleging

_____ should be permitted to proceed.

Dated: _____  _____

  Signature

  _____

  Address

  _____

  _____

  City, State & ZIP